```
                  UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                CRIMINAL ACTION NO. 2:08-00053-02

**ELIZABETH CLAY**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On May 30, 2013, the United States of America appeared by Steven I. Loew, Assistant United States Attorney, and the defendant, Elizabeth Clay, appeared in person and by her counsel, Thomas J. Gillooly, for a hearing on the petition on supervised release submitted by Senior United States Probation Officer Patrick M. Fidler.  The defendant commenced a three-year term of supervised release in this action on September 8, 2011, as more fully set forth in the Probation Revocation and Judgment Order entered by the court on September 19, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the local crime of shoplifting on or about November 27, 2012, at which time she was arrested and given a summons to appear in Charleston Municipal Court, as evidenced by the defendant's admission on the record of the hearing that the government possesses sufficient evidence to prove the charge by a preponderance of the evidence; (2) the defendant used and possessed marijuana as evidenced by positive urine specimens submitted by her on February 9, March 23 and December 18, 2012, and February 14, 2013, and as admitted by her on the record of the hearing; (3) the defendant failed to appear for urine screens as directed on September 24 and 27, October 22 and 24, 2012, and January 24, 2013, as evidenced by her admission on the record of the hearing; (4) the defendant failed to appear for substance abuse counseling as directed on August 16, September 27 and December 13, 2012, and January 7 and 31, and February 22 and 28, 2013, as evidenced by her admission on the record of the hearing; (5) the defendant failed to submit written reports with the probation officer as required after having been specifically directed to do so in December 2012, inasmuch as she did not file

a report from that time until the filing of the petition on March 13, 2013, as evidenced by her admission on the record of the hearing; and (6) the defendant failed to notify the probation officer within seventy-two hours of receiving a citation from a Charleston police officer on or about November 27, 2012, with respect to the shoplifting charge as evidenced by her admission on the record of the hearing; all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if she is confined, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States

Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of thirty (30) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime.

The defendant shall surrender for service of the sentence to the institution designated by the Bureau of Prisons by 2:00 p.m. on July 12, 2013. The defendant shall remain on bond subject to the terms and conditions set forth in the magistrate judge's Order Setting Conditions of Release entered on March 28, 2013, to which the court adds the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime.

<u>Recommendation</u>: The court recommends that the defendant be designated to an institution as close to Charleston, West Virginia, as feasible.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: June 4, 2013

_____
John T. Copenhaver, Jr.
United States District Judge